| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| STATE LINE HOTEL, INC., a Nevada corporation | LEGENDARY HOLDINGS, INC. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) Sallie B. Armstrong DOWNEY BRAND LLP 427 W. Plumb Lane, Reno, NV 89509 (775) 329-5900 | ATTORNEYS (If Known) |
|---|---|

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS
[11 U.S.C. §§ 547(b), 550(a) and 502(d)]

NATURE OF SUIT
(Check the one most appropriate box only.)

☒ 454  To Recover Money or Property
☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424  To object or to revoke a discharge 11 U.S.C. § 727

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426  To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434  To obtain an injunction or other equitable relief
☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459  To determine a claim or cause of action removed to a bankruptcy court
☐ 498  Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND $ 6,867.52 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND Check only if demanded in complaint |
|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR  State Line Hotel, Inc., et al. | BANKRUPTCY CASE NO.  BK-N-02-50085-GWZ |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING  District of Nevada | DIVISIONAL OFFICE | NAME OF JUDGE  Judge Gregg W. Zive |

RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE 1/7/04 | PRINT NAME  Sallie B. Armstrong | SIGNATURE OF ATTORNEY (OR PLAINTIFF)  /s/ Sallie B. Armstrong |
|---|---|---|

Received and Filed 2004 JAN -8 AM 7:41 UNITED STATES BANKRUPTCY COURT PATRICIA GRAY, CLERK

RON BENDER (California SBN 143364)
NELLWYN VOORHIES (California SBN 168698)
SUSAN K. SEFLIN (California SBN 213865)
OVSANNA TAKVORYAN (California SBN 217435)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244

SALLIE B. ARMSTRONG (Nevada SBN 001243)
DOWNEY BRAND, LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: (775) 329-5900; Facsimile: (775) 786-5443

Attorneys for Chapter 11 Debtors and Plaintiff Herein

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF

RENO, NEVADA

| | |
|---|---|
| In re<br><br>STATE LINE HOTEL, INC., JIM'S ENTERPRISES, INC., STATE LINE PROPERTIES, INC., SMITH PROPERTIES, STATE LINE CASINO, STATE LINE PROPERTIES, LTD., and STATE LINE APARTMENTS,<br><br>        Debtors and Debtors in Possession. | ) Bankr. Case No. BK-N-02-50085 GWZ<br>) (State Line Hotel, Inc.)<br>) Chapter 11 Jointly Administered With<br>) BK-N-02-50081 GWZ<br>) BK-N-02-50083 GWZ<br>) BK-N-02-50082 GWZ<br>) BK-N-02-50086 GWZ<br>) BK-N-02-50084 GWZ<br>) BK-N-02-50080 GWZ<br>) |
| STATE LINE HOTEL, INC., a Nevada corporation,<br><br>        Plaintiff,<br>vs.<br><br>LEGENDARY HOLDINGS, INC.,<br><br>        Defendant. | ) Adversary No. _____<br>)<br>) **COMPLAINT TO AVOID AND**<br>) **RECOVER PREFERENTIAL**<br>) **TRANSFERS**<br>)<br>) [11 U.S.C. §§ 547(b), 550(a), and 502(d)]<br>)<br>) Date:<br>) Time:  [To Be Set By Court]<br>) Place:<br>) |

State Line Hotel, Inc., a Nevada corporation, Chapter 11 Debtor and Plaintiff herein (the "Plaintiff"), alleges in its complaint to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547(b), 550(a), and 502(d) (the "Complaint") the following:

## JURISDICTION AND VENUE

A.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334.

B.	This adversary proceeding arises in and relates to the Plaintiff's bankruptcy case, which was filed in the District of Reno, Nevada ("Bankruptcy Court") on January 10, 2002 (the Petition Date") under Chapter 11.

C.	This adversary proceeding is brought pursuant to 11 U.S.C. Sections 547, 550, 502 and Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure.

D.	Venue in the Court is proper pursuant to 28 U.S.C. Section 1409.

E.	This is a "core" proceeding as defined by 28 U.S.C. Sections 157(b)(2)(A), (E), and (F).

## PARTIES

F.	Smith Properties, a Nevada general partnership, Jim's Enterprises, Inc., a Nevada corporation, State Line Hotel, Inc., a Nevada corporation, State Line Properties, Inc., a Utah corporation, State Line Casino, a Nevada general partnership, State Line Properties, Ltd., a Utah limited partnership, and State Line Apartments, a Utah general partnership, Chapter 11 Debtors and Debtors in Possession herein (each a "Debtor" and collectively, the "Debtors"), commenced the above captioned bankruptcy cases by filing Voluntary Petitions under Chapter 11 of the Bankruptcy Code on January 10, 2002. The Debtors continue to operate their businesses and manage their financial affairs as debtors in possession pursuant to 11 U.S.C. §§

1107 and 1108. Prior to the sale of substantially all of their assets in December 2002, the Debtors owned and operated casinos, hotels and other properties in West Wendover, Nevada and Wendover, Utah.

G. Plaintiff is informed and believes, and based thereon alleges that the defendant Legendary Holdings, Inc. (the "Defendant"), conducted business with the Plaintiff prior to the Petition Date.

H. Plaintiff is informed and believes, and on that basis alleges, that the Defendant was an unsecured creditor of the Plaintiff during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date (the "Preference Period").

## FIRST CLAIM FOR RELIEF

[AVOIDANCE OF PREFERENTIAL TRANSFERS

PURSUANT TO 11 U.S.C. § 547]

I. Plaintiff realleges and incorporates by this reference each and every allegation set forth in Paragraphs A through H above, inclusive, as though fully set forth herein.

J. On or within ninety (90) days before the Petition Date, the Plaintiff made transfers to the Defendant totaling $6,867.52 (the "Transfers"). A detailed summary of the Transfers at issue is attached hereto as **Exhibit "A"** and incorporated by this reference.

K. The Transfers were made to or for the benefit of the Defendant.

L. The Transfers were made for or on account of an antecedent debt owed by the Plaintiff before the Transfers were made.

M. The Transfers were made while the Plaintiff was insolvent.

N. The Transfers enabled the Defendant to receive more than it would have received as a creditor if: (a) the Transfers had not been made; and (b) the Defendant received

3

payment of the debt it was owed to the extent provided under Title 11 of the United States Code.

O. Interest on the Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Transfers were made.

P. The Plaintiff is entitled to avoid and recover the Transfers pursuant to 11 U.S.C § 547.

## SECOND CLAIM FOR RELIEF

[RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550]

Q. Plaintiff realleges and incorporates by this reference each and every allegation set forth in Paragraphs A through P above, inclusive, as though fully set forth herein.

R. The Plaintiff may recover, for the benefit of the estate, the Transfers, or the value of the Transfers from the Defendant or from the entity for whose benefit the Transfers were made, or any immediate or mediate transferee of such initial transferee.

S. The Transfers are recoverable from the Defendant as avoidable preferences under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

[DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT PURSUANT TO 11 U.S.C. § 502(d)]

T. Plaintiff realleges and incorporates by this reference each and every allegation set forth in Paragraphs A through S above, inclusive, as though fully set forth herein.

U. Defendant is an entity from which property is recoverable under 11 U.S.C. §550, or Defendant is a transferee of a transfer avoidable under 11 U.S.C. §547.

V. Defendant has not paid the amount, or turned over any such property for which Defendant is liable under 11 U.S.C. §522(i), 542, 543, 550, 553 of the Bankruptcy Code.

W. Pursuant to 11 U.S.C. §502(d), Defendant's claim, if any, asserted by Defendant against any of the Debtors, should de disallowed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered as follows:

1. For avoidance of the Transfers under 11 U.S.C. §547 in the amount of $6,867.52.

2. For judgment against the Defendant for $6,867.52, together with interest thereon at the legal rate from the date of the Transfers;

3. Disallowing any claims of Defendant if it fails or refuses to turn over any preferential transfer to Plaintiff pursuant to 11 U.S.C. §502(d);

4. For an award of attorney's fees along with costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Dated: January 6, 2004

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.,

By _____
RON BENDER
NELLWYN W. VOORHIES
SUSAN K. SEFLIN
OVSANNA TAKVORYAN
Attorneys for Plaintiff

5

EXHIBIT "A"

| Vendor Name | Check No | Check Amount | Check Date |
|---|---|---|---|
| LEGENDARY HOLDINGS, INC. | 91869 | $6,867.52 | 10/26/2001 |

EXHIBIT A